856 F.2d 186
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Gordon W. HATHEWAY, Jr., Barbara S. Hatheway, Petitioners,
v.
COMMISSIONER OF INTERNAL REVENUE SERVICE, Respondent.
 No. 88-3035.
 United States Court of Appeals, Fourth Circuit.
 Argued June 20, 1988.
Decided Aug. 23, 1988.
 
 David DeCoursey Aughtry (Shelley Cashion, Chamberlain, Hrdlicka, White, Johnson & Williams on brief) for petitioners.
 David Michael Moore (William S. Rose, Jr., Assistant Attorney General, Gary R. Allen, Jonathan S. Cohen, Tax Division, Department of Justice on brief) for respondent.
 Before JAMES DICKSON PHILLIPS and ERVIN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 The Tax Court held that a purported gold-mining investment scheme in which Gordon W. Hatheway participated was tax-motivated and without economic substance or business purpose. The court found that Hatheway did not enter into the scheme for the primary purpose of making a profit. Accordingly, the court sustained the Internal Revenue Service's ruling disallowing deductions claimed as a result of the scheme and assessing interest and penalties. Hatheway objects on appeal that the Tax Court, in attempting to divine his subjective intent when he entered into the disputed transaction, imputed to him knowledge which he did not then have.
 
 
 2
 While Hatheway's subjective intent is indeed the decisive factor, Hatheway cannot expect his own interested declarations as to his intent to be accepted without question. In attempting to determine whether Hatheway was motivated by tax or profit considerations, the court quite properly considered all the objective facts known to Hatheway, or which would have been known to anyone who had conducted even the most basic inquiries which an investor actually looking for profit would have undertaken.
 
 
 3
 We find no error of fact or law in the Tax Court's judgment. We affirm for the reasons stated in that court's careful and extensive opinion, Patin v. Commissioner, 88 T.C. 1069 (1987).
 
 
 4
 AFFIRMED.